# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 7, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONNIE HEDRICK,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0716** (BOR Appeal No. 2048062)
                    (Claim No. 2012026167)

**CONNIE HEDRICK,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Connie Hedrick, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Connie Hedrick, by Jeffrey B. Brannon and Katherine H. Arritt, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 21, 2013, in which the Board affirmed a December 28, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 8, 2012, decision denying authorization for right shoulder arthroscopy. The Office of Judges also affirmed the claims administrator's June 4, 2012, decision closing the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hedrick worked as a housekeeper. On January 11, 2012, she injured her right arm while trying to lift a mattress to cover it with a sheet. Ms. Hedrick sought treatment at Davis Memorial Hospital and was diagnosed with a sprain of the right shoulder, arm, and elbow. The claims administrator held the claim compensable for these conditions. Ms. Hedrick then came under the care of Joseph Snead, M.D., who recommended that she treat her injury with rest. An electromyography (EMG) and nerve conduction study were then performed which revealed

1

normal bilateral ulnar, radial, and median motor responses as well as normal sensory responses. Adnan Alghadban, M.D., who performed the testing, suggested that Ms. Hedrick's symptoms were related to tendinitis. Dr. Snead then reviewed the results of the EMG testing and found that it demonstrated Ms. Hedrick did not suffer from any nerve injury. He suggested that Ms. Hedrick's symptoms would get better over time, but he recommended that she refrain from lifting over ten pounds for several weeks. An MRI was also taken of Ms. Hedrick's right shoulder which revealed no evidence of a rotator cuff tear, tendinopathy, or impingement. Ms. Hedrick was also examined by Shafic Sraj, M.D., who believed that she had a radial nerve lesion. He also found that Ms. Hedrick had received conservative treatment for her injury which did not relieve her pain. Prasadarao B. Mukkamala, M.D., then evaluated Ms. Hedrick and determined that she had reached her maximum degree of medical improvement. Dr. Mukkamala found that she did not need any further treatment in relation to her compensable injury. Dr. Mukkamala further determined that Ms. Hedrick was capable of working at a light duty level. He found that she was only restricted from lifting over ten pounds on a frequent basis but could lift over twenty-five pounds occasionally. On June 4, 2012, the claims administrator closed the claim for temporary total disability benefits based on Dr. Mukkamala's evaluation. On June 8, 2012, the claims administrator denied Ms. Hedrick authorization for right shoulder arthroscopic surgery. On December 28, 2012, the Office of Judges affirmed both of the claims administrator's decisions. The Board of Review then affirmed the Order of the Office of Judges on June 21, 2013, leading Ms. Hedrick to appeal.

The Office of Judges concluded that the requested right shoulder arthroscopic surgery was not reasonably required to treat Ms. Hedrick's compensable injury and that it was not related to any compensable condition of the claim. The Office of Judges determined that Dr. Sraj requested authorization for the surgery to treat a radial nerve lesion. The Office of Judges found that this was not a compensable condition of the claim. It also considered the EMG and MRI testing conducted on Ms. Hedrick's right shoulder and found that these tests did not indicate that an arthroscopic surgery was needed to treat her symptoms. The Office of Judges found that there were treatment notes from John Sharp, D.O., in the record, which revealed that Ms. Hedrick had right arm symptoms related to tendinitis which pre-dated the compensable injury. The Office of Judges determined that the EMG and MRI testing indicated that Ms. Hedrick's current symptoms were related to her pre-existing tendinitis and not the compensable injury. The Office of Judges also concluded that the claims administrator properly closed Ms. Hedrick's claim for temporary total disability benefits. In reaching this conclusion, the Office of Judges relied on the independent medical evaluation of Dr. Mukkamala. The Office of Judges found that Ms. Hedrick did not submit any evidence in support of her continuing entitlement to temporary total disability benefits. The Office of Judges found that even the treatment notes from Dr. Snead, her treating physician, indicated that she had recovered from her compensable injury and could return to work. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Ms. Hedrick has not demonstrated that the requested arthroscopic surgery is medically related and reasonably required to treat her compensable injury. The medical evidence in the record, including the EMG and MRI testing conducted on her right shoulder, indicate that she has recovered from her compensable injury and that an arthroscopic surgery is not appropriate.

2

The record suggests that any ongoing pain Ms. Hedrick is experiencing is related to tendinitis, which pre-existed and is unrelated to the compensable injury. Ms. Hedrick has also not demonstrated that she is entitled to any additional temporary total disability benefits. Dr. Mukkamala determined that Ms. Hedrick had reached her maximum degree of medical improvement. His opinion is supported by the record, and the Office of Judges was justified in relying on his evaluation. Ms. Hedrick did not present any reliable evidence showing that she continued to be disabled due to her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 7, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum